# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GEORGE MAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  12-271** |
| | ) | |
| | ) | |
| **PRESIDENT BARACK OBAMA and** | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on its initial review of Plaintiff George May's *pro se* Complaint.  Mr. May is a resident of Florida.  *See* Compl. [Dkt. #1] at 3.  Mr. May brings suit against President Obama and the United States, alleging violations of federal law including of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and the Civil Rights Act, 42 U.S.C. § 1983, as well as violations of numerous other federal statutes and state tort laws.  The Complaint is confused and rambling.  It asserts that President Obama interfered with Mr. May's business by "taking 'bribes' from the Oil, Gas, Mineral Companies to cause Economic failure of the United States, destroying George May . . ."  Compl. [Dkt. #1] ¶ 15; *see also id*. ¶ 20.  He seeks (1) money damages and (2) injunctive relief, namely an order to the United States to "immediately charge a 80% royalty rate on all United States Oil, Gas, Mineral Leases, and that a Cap be put on Gas prices of $2.10 a gallon," to "order [U.S.] Armed Forces to immediately construct 3000 Horse Power Drilling Rigs, and drill oil, gas wells to 30,000 feet," and to "put Solar Panel, Solar Hydrogen on all their Government Buildings."

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and

plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8. Dismissal under Rule 8 " 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Ciralsky v. CIA*, 355 F.3d 661, 670 n.9 (D.C. Cir. 2004) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

The Court has reviewed the Complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). The Complaint utterly fails to set forth a short and plain statement of the claim. The Complaint is insufficiently clear to put Defendant on notice of the claim, even under the liberal "notice pleading" standards of the Federal Rules, as it fails to articulate a comprehensible legal or factual basis for relief. *See Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (a complaint may be dismissed on jurisdictional grounds when it is "patently insubstantial," such as where claims are "sufficiently fantastic to defy reality.").

Moreover, President Obama is entitled to absolute immunity from damages liability predicated on his official acts. *Nixon v. Fitzgerald*, 457 U.S. 731, 749 & 755 (1982) ("In view of the special nature of the President's constitutional office and functions, we think it appropriate to recognize absolute Presidential immunity from damages liability for acts within the 'outer perimeter' of his official responsibility."); *see also Jackson v. Bush*, 448 F. Supp. 2d 198, 201 (D.D.C. 2006). Further, the United States can only be sued to the extent that it gives permission; therefore, any

plaintiff suing the federal government must demonstrate an express waiver of the government's sovereign immunity.  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1025 (D.C. Cir. 2006).  Congress has not waived immunity for suits seeking monetary damages that arise under the Constitution.  *Clark v. Library of Cong.*, 750 F.2d 89, 103-04 (D.C. Cir. 1984).  Not finding any applicable waiver of sovereign immunity that would permit Mr. May's lawsuit to proceed against the United States, the Court must dismiss the Complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Thus, even if Mr. May had made out an intelligible claim against President Obama and the United States, presidential and sovereign immunity would bar his suit.

Accordingly, it is hereby

**ORDERED** that this case is **DISMISSED**.  This case is closed.

**SO ORDERED.**

Date:  February 22, 2012                          _____/s/_____
                                                                         ROSEMARY M. COLLYER
                                                                         United States District Judge